E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
AMANDA B. ELBOGEN (Cal. Bar No. 332505)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5748
     Facsimile: (213) 894-0141
     E-mail:    amanda.elbogen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,   | No. 5:22-cr-00147-FLA |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ALVARO HECTOR MARTINEZ |
| v. | |
| ALVARO HECTOR MARTINEZ, | |
| Defendant. | |

1.  This constitutes the plea agreement between ALVARO HECTOR MARTINEZ ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.  Defendant agrees to:

   a.  At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts 3 and 6 of the indictment in United States v. ALVARO HECTOR MARTINEZ, No. 5:22-

cr-00147-FLA, which charges defendant with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) (count 3), and being a felon in possession of firearms and ammunition, in violation 18 U.S.C. § 922(g)(1) (count 6).

    b.   Not contest facts agreed to in this agreement.

    c.   Abide by all agreements regarding sentencing contained in this agreement.

    d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

    e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

    f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

    g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3.   Defendant further agrees:

    a.   To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following:

        i.   a Sturm, Ruger, and Co., .233 caliber Mini-I4 semi-automatic rifle, bearing serial number 180-32701;

    ii. a Stoeger, 9mm Cougar 8000-F, bearing serial number T6429-08-A020238;

    iii. a Hispano Argentina De Automotives SA, .45 caliber 1911AI semi-automatic pistol, bearing serial number I-00803;

    iv. four rounds of Federal Cartridge .300 Winchester caliber ammunition;

    v. three rounds of Remington-Peters .300 Winchester caliber ammunition;

    vi. three rounds of Federal Cartridge 9mm Luger ammunition;

    vii. eleven rounds of Guilio, Fiocchi, Lecco 9mm Luger ammunition;

    viii. one round of Winchester Western .300 caliber ammunition; and

    ix. sixteen rounds of Eldorado Cartridge Corporation .45 auto caliber ammunition(collectively, the "Forfeitable Assets").

  b. To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

  c. To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

  d. Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of

himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

  e. Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

  f. Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

  g. To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

  h. To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

  i. That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

## THE USAO'S OBLIGATIONS

4. The USAO agrees to:

  a. Not contest facts agreed to in this agreement.

  b. Not argue for a custodial sentence greater than 180 months' imprisonment.

  c. Abide by all agreements regarding sentencing contained in this agreement.

  d. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

      e. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSES

5. Defendant understands that for defendant to be guilty of the crime charged in count 3, that is, possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), the following must be true: (1) first, the defendant knowingly possessed methamphetamine; and (2) second, defendant possessed the methamphetamine with the intent to distribute it to another person.

6. Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant possessed with intent to distribute at least 50 grams of methamphetamine. Defendant admits that defendant, in fact, possessed with intent to distribute at least 50 grams of methamphetamine, as alleged in count 3 of the indictment.

7. Defendant understands that for defendant to be guilty of the crime charged in count 6, that is, being a felon in possession of firearms and ammunition, in violation 18 U.S.C. § 922(g)(1), the following must be true: (1) the defendant knowingly possessed a firearm or ammunition; (2) the firearm or ammunition had been shipped

or transported from one state to another or between a foreign nation and the United States; (3) at the time defendant possessed the firearm or ammunition, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time defendant possessed the firearm or ammunition, defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## PENALTIES

8. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Section 841(a), (b)(1)(A)(viii) is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Section 841(a), (b)(1)(A)(viii) is: ten years' imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $100.

10. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 922(g)(1) is: 10 [~~15~~] years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

11. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a lifetime period of supervised release; a fine of

*[handwritten margin: AM IB AE]*

$10,250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

12. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

13. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

14. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or

assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

15. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

16. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 19 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about February 10, 2021, a confidential source ("CS") working with the Drug Enforcement Administration ("DEA") reached out to a Sinaloan drug trafficker named "Bebe" asking to purchase methamphetamine and fentanyl pills. Bebe told the CS that he would supply bulk methamphetamine and fentanyl through the defendant, his Los Angeles associate. Later that day, and acting at Bebe's direction, defendant sold approximately 872 grams of methamphetamine to the CS.

Approximately one month later, the CS called Bebe to order 40 pounds of methamphetamine, two kilograms of heroin, and 5,000 fentanyl pills. Bebe agreed to supply the CS with those drugs on or about March 15, 2021 through the defendant. On or about March 15, 2021, DEA Agents observed defendant leave a residence in Perris, California ("the Spring Street residence"). At that time, Riverside County Sheriff's Deputies conducted a traffic stop of defendant's car. In his car, defendant possessed 35 packages containing approximately 15.43 kilograms of pure methamphetamine. Defendant possessed the pure methamphetamine with the intent to distribute it.

Following the traffic stop, agents executed a search warrant at the Spring Street residence. There, they found five containers of methamphetamine weighing approximately 8.534 kilograms, a Sturm, Ruger, and Co., .233 caliber Mini-I4 semi-automatic rifle, bearing serial number 180-32701, a Stoeger, 9mm Cougar 8000-F, bearing serial number T6429-08-A020238, and a Hispano Argentina De Automotives SA, .45 caliber 1911AI semi-automatic pistol, bearing serial number I-00803, and ammunition, namely, four rounds of Federal Cartridge .300 Winchester caliber ammunition, three rounds of Remington-Peters .300 Winchester caliber ammunition, three rounds of Federal Cartridge 9mm

1   Luger ammunition, eleven rounds of Guilio, Fiocchi, Lecco 9mm Luger
2   ammunition, one round of Winchester Western .300 caliber ammunition,
3   and sixteen rounds of Eldorado Cartridge Corporation .45 auto caliber
4   ammunition.  Each of these firearms and ammunition had been shipped
5   or transported from one state to another or between a foreign nation
6   and the United States.  Defendant knowingly possessed these firearms
7   and ammunition.

8   At the time defendant possessed the firearms and ammunition,
9   defendant knew he was a felon who had been convicted of the following
10  crimes, each punishable by imprisonment for a term exceeding one
11  year: (1) Grand Theft of Personal Property, in violation of
12  California Penal Code Section 487(a), in the Superior Court for the
13  State of California, County of Los Angeles, Case Number PA076446, on
14  or about September 25, 2014; and (2) Possession of a Firearm by a
15  Felon, in violation of California Penal Code Section 29800(a)(1), in
16  the Superior Court for the State of California, County of Los
17  Angeles, Case Number BA416740, on or about January 10, 2014.

                          SENTENCING FACTORS

19      17.  Defendant understands that in determining defendant's
20  sentence the Court is required to calculate the applicable Sentencing
21  Guidelines range and to consider that range, possible departures
22  under the Sentencing Guidelines, and the other sentencing factors set
23  forth in 18 U.S.C. § 3553(a).  Defendant understands that the
24  Sentencing Guidelines are advisory only, that defendant cannot have
25  any expectation of receiving a sentence within the calculated
26  Sentencing Guidelines range, and that after considering the
27  Sentencing Guidelines and the other § 3553(a) factors, the Court will
28  be free to exercise its discretion to impose any sentence it finds

appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

18. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 38 | U.S.S.G. §§ 2D1.1(a)(5), (c)(1) |
| Dangerous Weapon | +2 | U.S.S.G. §§ 2D1.1(b)(1) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above

19. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

20. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

21. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

  c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

  d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

  e. The right to confront and cross-examine witnesses against defendant.

  f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

  g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

  h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

22. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that

the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 180 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

24. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 120 months, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

25. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was

involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

26. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## EFFECTIVE DATE OF AGREEMENT

27. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

28. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

29. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

   b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

30. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

31. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 19 are consistent with the facts of this case. While this paragraph permits

both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

32.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

33.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

\\
\\
\\

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

*Amanda Elbogen*                            4/26/2023
AMANDA B. ELBOGEN                    Date
Assistant United States Attorney

/s/                                      4/26/23
ALVARO HECTOR MARTINEZ             Date
Defendant

/s/                                      4/26/2023
ISABEL BUSSARAKUM                      Date
Attorney for Defendant

CERTIFICATION OF DEFENDANT

[handwritten, initialed AM IB:] I have read this agreement in its entirety. ~~This agreement has been read to me in Spanish the language I understand best.~~ I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of

any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     4/26/23
ALVARO HECTOR MARTINEZ              Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ALVARO HECTOR MARTINEZ's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____     4/26/2023
ISABEL BUSSARAKUM                   Date
Attorney for Defendant ALVARO
HECTOR MARTINEZ

19