E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
AMANDA B. ELBOGEN (Cal. Bar No. 332505)
Assistant United States Attorney
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 N. Spring St.
    Los Angeles, California 90012
    Telephone: (213) 894-5748
    Facsimile: (213) 894-0141
    Email:    amanda.elbogen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 5:22-CR-00147-FLA |
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: December 13, 2024 |
| ALVARO HECTOR MARTINEZ, | Hearing Time: 11:00 a.m. |
| Defendant. | Location: Courtroom of the Hon. Fernando L. Aenlle-Rocha |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Amanda Elbogen, hereby files its Sentencing Position for defendant ALVARO MARTINEZ

    This Sentencing Position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

//

//

The government respectfully requests the opportunity to supplement its position or respond to any positions asserted by the defense or the United States Probation and Pretrial Services Office as may become necessary.

Dated: December 2, 2024                    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division


         /s/
AMANDA B. ELBOGEN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Alvaro Hector Martinez pled guilty to possession with intent to distribute more than 15 kilograms of methamphetamine (Count 3 of the indictment) and being a felon in possession of a firearm (Count 6 of the indictment).  Defendant now awaits sentencing.  The government respectfully recommends that this Court sentence defendant to 180 months' imprisonment; a five-year term of supervised release; no fine; and the mandatory $100 special assessment.

**II.  STATEMENT OF FACTS**

On February 10, 2021, a confidential source ("CS") working with the Drug Enforcement Administration ("DEA") reached out to a Sinaloan drug trafficker named "Bebe" asking to purchase methamphetamine and fentanyl pills.  Bebe told the CS that he would supply bulk methamphetamine and fentanyl through the defendant, his Los Angeles associate.  Later that day, and acting at Bebe's direction, defendant sold approximately 872 grams of methamphetamine to the CS.

Approximately one month later, on March 15, 2021, the CS called Bebe to order 40 pounds of methamphetamine, two kilograms of heroin, and 5,000 fentanyl pills.  Bebe agreed to supply the CS with those drugs through the defendant.  On March 15, 2021, DEA Agents observed defendant leave a residence in Perris, California ("the Spring Street residence").  At that time, Riverside County Sheriff's Deputies conducted a traffic stop of defendant's car.  In his car, defendant possessed 35 packages containing approximately 15.43 kilograms of pure methamphetamine.  Defendant possessed the pure methamphetamine with the intent to distribute it.

Following the traffic stop, agents executed a search warrant at the Spring Street residence.  There, they found five containers of methamphetamine weighing approximately 8.534 kilograms, a Sturm, Ruger, and Co., .233 caliber Mini-I4 semi-automatic rifle, bearing serial number 180-32701, a Stoeger, 9mm Cougar 8000-F, bearing serial number T6429-08-A020238, and a Hispano Argentina De Automotives SA, .45 caliber 1911AI semi-automatic pistol, bearing serial number I-00803, and ammunition, namely, four rounds of Federal Cartridge .300 Winchester caliber ammunition, three rounds of Remington-Peters .300 Winchester caliber ammunition, three rounds of Federal Cartridge 9mm Luger ammunition, eleven rounds of Guilio, Fiocchi, Lecco 9mm Luger ammunition, one round of Winchester Western .300 caliber ammunition, and sixteen rounds of Eldorado Cartridge Corporation .45 auto caliber ammunition.  Each of these firearms and ammunition had been shipped or transported from one state to another or between a foreign nation and the United States.  Defendant knowingly possessed these firearms and ammunition.

At the time defendant possessed the firearms and ammunition, defendant knew he was a felon who had been convicted of the following crimes, each punishable by imprisonment for a term exceeding one year: (1) Grand Theft of Personal Property, in violation of California Penal Code Section 487(a), in the Superior Court for the State of California, County of Los Angeles, Case Number PA076446, on or about September 25, 2014; and (2) Possession of a Firearm by a Felon, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number BA416740, on or about January 10, 2014.

## III. THE ADVISORY SENTENCING GUIDELINES CALCULATIONS

### A.   Probation's Calculation of the Guidelines Range

The United States Probation and Pretrial Services Office ("Probation") calculated defendant's total offense level at 37 and defendant's criminal history category at III, resulting in an advisory Guidelines range of 262 to 327 months.

For the offense level, consistent with the plea agreement, Probation calculated a base offense level of 38.  (U.S.S.G. §§ 2D1.1(a)(5), (c)(1); PSR ¶ 36.)  Also consistent with the plea agreement, Probation added two levels because the defendant possessed a dangerous weapon (U.S.S.G. § 2D1.1(b)(1); PSR ¶ 37.)  After applying a three-level reduction for acceptance of responsibility, Probation determined defendant's total offense level is 37.[1]  (U.S.S.G. § 3E1.1(b); PSR ¶ 47.)

Probation calculated six criminal history point for the defendant, establishing a criminal history category of III.  (PSR ¶ 56.)  Based on a total offense level of 37 and a criminal history category of III, Probation calculated an advisory Guidelines range of 262 to 327 months' imprisonment. (PSR ¶ 107.)

## IV. THE GOVERNMENT'S RECOMMENDED SENTENCE

### A.   A 180-Month Custodial Sentence is Just and Appropriate

The government respectfully recommends that the Court sentence defendant to 180 months' imprisonment, followed by a five-year period of supervised release.  Such a sentence is sufficient, but not

---

[1] Defendant pleaded guilty and has accepted responsibility for his offense.  Consistent with the plea agreement, the government therefore recommends and hereby moves for a three-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(b).

3

greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

The nature and circumstances of defendant's offense warrant the government's recommended sentence. See 18 U.S.C. § 3553(a)(1). Defendant's conduct is serious. Defendant possessed with intent to distribute over 15 kilograms of methamphetamine, a highly dangerous drug, which he was prepared to sell to the CS. He had also previously sold approximately 827 grams of methamphetamine to the same CS.

There are, however, several mitigating factors. As an initial matter, defendant has been wholly compliant with the terms of his pretrial release, and accepted responsibility for the offense. Further, it appears defendant experienced an extremely difficult and unstable childhood, living with an addict mother who was neglectful and abusive when he wasn't being removed from her custody to live in foster care or with relatives. Despite these obstacles, defendant, by all accounts, appears to have grown into a stable and dedicated husband and father to his three young children.

On balance, therefore, the government believes defendant's history and characteristics and the nature and circumstances of his offense warrant a lower sentence of 180 months' imprisonment. This sentence would satisfy the need to punish defendant, as well as society's need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; afford adequate deterrence; and protect the public. 18 U.S.C. § 3553(a)(2).

**B.   A 5-Year Term of Supervised Release Is Just And Appropriate**

The government recommends that the Court impose a five-year term of supervised release. Given the seriousness of the instant offense

and the other considerations noted above, a five-year period of supervised release is necessary to provide defendant with oversight and supervision after his release from prison. See United States v. Johnson, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life."); S. Rep. No. 98-225, at 124 (1983) (describing the "primary goal" of supervised release as providing "rehabilitation").

### C.   Fine & Special Assessment

The government agrees with Probation that defendant does not appear to have the ability to pay a fine. (PSR ¶ 95.)  However, a special assessment of $100 is mandatory, per 18 U.S.C. § 3013.

## V. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to 180 months' imprisonment, followed by a five-year period of supervised release; a $100 special assessment; and no fine.